**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BASILLIO ALVARDO,

    Petitioner,

v.                                                   Case No:  8:16-cv-1861-T-30TGW
                                                     Crim. Case No: 8:10-cr-348-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Basillio Alvardo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1).  By his motion, Alvardo asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, 136 S. Ct. 1257 (2016).  Because the Eleventh Circuit denied Alvardo's motion for leave to file a successive § 2255, his motion should be dismissed.

Alvardo's present § 2255 motion is a second or successive motion.  Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals may

authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

On July 27, 2016, the Eleventh Circuit denied Alvardo's request to file a successive motion under § 2255 based on *Johnson*. (CV Doc. 6). Because Alvardo has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Basillio Alvardo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2. The Clerk is directed to terminate from pending status the motion to vacate (Doc. 95) found in the underlying criminal case, case no 8:10-cr-348-T-30TGW.

3. The Clerk is directed to terminate any pending motions in both the civil and criminal case as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2016\16-1861 Alvardo v. US.11th Cir. DENIED.docx